**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JOSE GUADALUPE CASTILLO TAPIA, <br><br>     Petitioner, <br><br> v. <br><br> CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, <br><br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)    No. 2:26-cv-02661-SHL-tmp<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 10, 2026, Petitioner Jose Guadalupe Castillo Tapia filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Castillo Tapia challenges his "indefinite detention without a meaningful custody review." (Id. at PageID 3.) Castillo Tapia, a noncitizen, has resided in the United States continuously since 2008. (Id. at PageID 2.) He is married to a United States citizen, with whom he has three United States citizen children, aged fourteen, ten, and seven years old. (Id. at PageID 2–3.) On May 28, 2026, he was taken into ICE custody and remains detained at the West Tennessee detention facility. (Id. at PageID 2, 7.) He seeks immediate release from Respondent's custody. (Id. at PageID 7.) He served the Petition on Respondent on June 10. (Id. at PageID 8.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)      Castillo Tapia shall email a copy of this Order to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)      Within **two business days** after Castillo Tapia fully complies with the above requirement, Respondent shall respond to the Petition in writing.  If the basis of Castillo Tapia's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)      Castillo Tapia may file a reply within **two business days** after Respondent's responsive filing.

(4)      Respondent shall not transfer Castillo Tapia out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 11th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE