**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE GUADALUPE CASTILLO TAPIA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02661-SHL-tmp |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On June 10, 2026, Petitioner Jose Guadalupe Castillo Tapia filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Castillo Tapia challenges his "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)  Respondent responded on June 13.  (ECF No. 8.)  Castillo Tapia replied on June 16.  (ECF No. 10.)

For the reasons stated below, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Castillo Tapia immediately.

**BACKGROUND**

Castillo Tapia, a noncitizen, has resided in the United States continuously since 2008. (ECF No. 1 at PageID 2.)  He is married to a United States citizen, with whom he has three United States citizen children, aged fourteen, ten, and seven years old.  (Id. at PageID 2–3.)  On May 28, 2026, he was taken into ICE custody and remains detained at the West Tennessee detention facility.  (Id. at PageID 2, 7.)

**ANALYSIS**

Castillo Tapia challenges his "indefinite detention without a meaningful custody review." (ECF No. 1 at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)  Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 175 F.4th 713, "controls the outcome of this matter."  (ECF No. 8 at PageID 15.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. at PageID 15–16 (citing Lopez-Campos, 175 F.4th at 732).)

Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (Id. at PageID 16.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody."  (ECF No. 8 at PageID 16–17.)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to

2

be free from detention." <u>Lopez-Campos</u>, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. <u>See</u> <u>Villafranca Lara v. Ladwig</u>, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara</u>, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

**<u>CONCLUSION</u>**

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 18th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
